UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

KEVIN WILLIAM CASSADAY,

        Petitioner,

v.

MAARTEN VERMAAT,

        Respondent.

_____/

Case No. 1:22-cv-951

Honorable Gordon J. Quist

## **OPINION**

This is a habeas corpus action brought by a federal pretrial detainee under 28 U.S.C. § 2241. This matter is before the court on Petitioner's motion for leave to proceed *in forma pauperis*, (ECF No. 2), and for preliminary review under 28 U.S.C. § 2243.

**I.  Leave to proceed *in forma pauperis***

Petitioner has filed an affidavit of indigence in support of his request for leave to proceed *in forma pauperis*. The affidavit does not strictly comply with the requirements of the statute; but, based on the affidavit and the Court's familiarity with Petitioner's financial circumstance from the dozens of civil actions he has commenced in the last year, it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Accordingly, the Court will enter an order granting Petitioner leave to proceed *in forma pauperis*.

**II.  Preliminary review of the habeas petition**

A court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

After undertaking the review required by § 2243, the Court concludes that the petition is properly dismissed without prejudice because Petitioner has not exhausted other available remedies.

## Discussion

Petitioner is presently housed in the Newaygo County Jail. The Court ordered that he be detained in *United States v. Cassaday*, No. 1:21-mj-562 (W.D. Mich. Nov. 10, 2021), (ECF No. 21). Petitioner contends that he has been deprived of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Thirteenth Amendments. Some of those violations apparently relate to the detention order and the conditions of his detention, others relate to his dissatisfaction with appointed counsel in the criminal proceedings.

Petitioner seeks relief under 28 U.S.C. § 2241 (Pet., ECF No. 1, PageID.1), but he also specifically relies upon 28 U.S.C. §§ 2254 and 2255 (*Id.*, PageID.6).

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

Petitioner names Magistrate Judge Maarten Vermaat as the Respondent. "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (stating "[a]s a general rule, a petitioner should name as a respondent to his habeas corpus petition 'the individual having day-to-day control over the facility in which [the petitioner] is being detained.'"). In Michigan, the county sheriff is "the warden of the facility where the prisoner is

2

being held" when a detainee is held in a county jail. *See, e.g., Kalasho v. U.S. Dept. of Homeland Sec.*, No. 1:06-cv-556 (W.D. Mich. Feb. 5, 2007). Accordingly, the Court directs the Clerk to substitute Newaygo County Sheriff Bob Mendham as Respondent in place of Magistrate Judge Vermaat.

For multiple reasons, Petitioner's request for relief is not a typical habeas petition. The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983. *Id*. The *Preiser* Court, however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted). But, the Court has also never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983[1] and are not cognizable on habeas review. *See Martin v. Overton*,

---

[1] Section 1983 applies to state actors. A parallel cause of action against federal actors exists in limited contexts under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

391 F.3d 710, 714 (6th Cir. 2004) ("Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983."); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392–93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983.").

Petitioner's claims regarding the constitutionality of his pretrial detention are, at least in some part, claims regarding the conditions of his confinement.[2] Such claims should be raised by a civil rights complaint, not a habeas petition.

But Petitioner's allegations are also directed in some part to the fact of his confinement. Petitioner contends that no factfinder could find him guilty of any crime, that the proceedings against him have departed from the normal course and that he has been denied due process, and that he has not been afforded the assistance of competent counsel. (Pet., ECF No. 1, PageID.5.) Petitioner describes his continued detention as a miscarriage of justice and, therefore, asks the Court to issue the writ. (*Id.*)

---

[2] Petitioner complains about being "carted around this country . . . by plane" for an evaluation of his competence, being forced to stay in an Oklahoma county jail for fourteen days, being handcuffed to a table for three hours, being neglected, being harassed, and being abused. (Pet., ECF No. 1, PageID.2, 5.)

4

The Court interprets Petitioner's request as a claim that he is entitled to release. That relief is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (quoting *Preiser*, 411 U.S. at 498).[3] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

Even though a petition for habeas corpus is, at least in part, a proper procedural path to obtain the relief Petitioner seeks, it is not the place he should start. Regular federal criminal proceedings, not habeas corpus proceedings, are the proper place to resolve the sort of challenges that Petitioner raises in his petition. In *Johnson v. Hoy*, 227 U.S. 245 (1913), the Supreme Court rejected a habeas petition by a pretrial detainee objecting to excessive bail and claiming that the statute under which he had been indicted was unconstitutional, stating:

> The writ of habeas corpus is not intended to serve the office of a writ of error even after verdict; and, for still stronger reasons, it is not available to a defendant before trial, except in rare and exceptional cases . . . . [The petition] is an effort to nullify that rule, and to depart from the regular course of criminal proceedings by securing from this court, in advance, a decision on an issue of law which the defendant can raise in the district court, with the right, if convicted, to a writ of error on any ruling adverse to his contention. That the orderly course of a trial must be pursued and the usual remedies exhausted, even where the petitioner attacks on habeas corpus the constitutionality of the statute under which he was indicted, was decided in *Glasgow v. Moyer*, 225 U.S. 420 (1912). That and other similar decisions have so definitely established the general principle as to leave no room for further discussion. *Riggins v. United States*, 199 U. S. 547 (1905).

---

[3] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241 claiming entitlement to release because of the intolerable conditions of confinement they faced because of the COVID-19 pandemic.

*Johnson*, 227 U.S. at 247; *see also Stack v. Boyle*, 342 U.S. 1, 6–7 (1951) (stating "[w]hile habeas corpus is an appropriate remedy for on held in custody in violation of the Constitution . . . , the District Court should withhold relief in this collateral habeas corpus action where an adequate remedy available in the criminal proceeding has not been exhausted.").

In *Medina v. Choate*, 875 F.3d 1025 (10th Cir. 2017), the Tenth Circuit Court of Appeals collected the "remarkably few" published appellate opinions on the matter in the past century:

> In 1948 the D.C. Circuit declared that "the hearing on habeas corpus is not intended as a substitute for the functions of a trial court." *Pelley v. Botkin*, 152 F.2d 12, 13 (D.C. Cir. 1945) (refusing to hear pretrial habeas challenge to constitutionality of statute). More recently, two circuit courts have criticized use of § 2241 to challenge pretrial detention orders rather than proceeding under 18 U.S.C. § 3145. *See United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming district court's refusal to entertain § 2241 petition); *Fassler v. United States*, 858 F.2d 1016, 1017–18 (5th Cir. 1988) (prisoner ordinarily should proceed under § 3145). The Seventh Circuit was more definitive in an unpublished opinion, declaring, "[A] federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268 (7th Cir. 2010). Unpublished opinions in this circuit have taken the same view. As we explained in one of those opinions:
>
>> To be eligible for habeas relief under § 2241, a federal pretrial detainee generally must exhaust other available remedies. The reasons for this requirement are rooted not in comity (as is the case with state prisoners), but in concerns for judicial economy. Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."
>
> *Hall v. Pratt*, 97 F. App'x 246, 247–48 (10th Cir. 2004) (citations omitted*); accord Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004) ("To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping."); *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014); *Ray v. Denham*, 626 F. App'x 218, 219 (10th Cir. 2015). Although the earlier cases did not speak in terms of exhaustion of remedies in federal court, as we have in our unpublished decisions, the term conveys the heart of the matter—that the prisoner is limited to proceeding by motion to the trial court, followed by a possible appeal after judgment, before resorting to habeas relief. *See* 17B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4261 (3d ed. 2007) ("The requirement of exhaustion of remedies ordinarily will preclude the use of [§ 2241] before trial.").

*Medina*, 875 F.2d at 1028–29.

The *Medina* court did not end its analysis with the declaration that exhaustion is required. The court continued:

> But this is not to say that federal prisoners can pursue relief under § 2241 after these avenues have been exhausted. If a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen.

*Id.* at 1029. Although such circumstances might exist for state detainees, *see, e.g.*, *Ex parte Royall*, 117 U.S. 241 (1886); *Thomas v. Loney*, 134 U.S. 372 (1890); *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294 (1984), there do not appear to be any cases identifying the presence of such circumstances for federal pretrial detainees.

After *Medina*, the Third Circuit Court of Appeals addressed the claim of a pretrial detainee challenging his continued detention. *Reese v. Warden Philadelphia FDC*, 904 F.3d 244 (3d Cir. 2018). The Third Circuit also concluded that "Section 2241 is . . . not the proper vehicle for [petitioner] to challenge his detention pending trial. The Bail Reform Act of 1984 . . . provides a comprehensive scheme governing pretrial-release decisions. . . . [F]ederal defendants who seek pretrial release should do so through the means authorized by the Bail Reform Act, not through a separate § 2241 action." *Id.* at 247. Additional circuit courts of appeals have since echoed that conclusion. *See Frederickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020); *Ramirez v. Warden*, No. 21-11397, 2021 WL 5353066, at *1–2 (11th Cir. Nov. 17, 2021).

The authorities cited in *Medina* and the additional circuit authority issued after *Medina* indicate, at a minimum, that Petitioner must exhaust his challenges in his criminal proceedings. Petitioner has not so exhausted his claim. Petitioner's failure to exhaust warrants dismissal of his petition without prejudice.

7

**Conclusion**

The Court will enter an order granting Petitioner leave to proceed *in forma pauperis*. The Court will also enter a judgment dismissing the petition without prejudice. In § 2241 cases filed by federal detainees, the Court need not address whether to grant a certificate of appealability. *Witham v. United States*, 355 F.3d 501 (6th Cir. 2004).

Dated: October 26, 2022                                          /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE